UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. ) ) |
| THE KROGER COMPANY, | ) ) |
| Defendant. | ) COMPLAINT AND DEMAND ) FOR JURY TRIAL |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I of

the Civil Rights Act of 1991, and the Age Discrimination in Employment Act ("ADEA") to

correct unlawful employment practices on the basis of race and age, and to provide appropriate

relief to Luther Spears, a black male, age 49, who has been adversely affected by discriminatory

practices at The Kroger Company. The Commission alleges that Spears unlawfully and

repeatedly was denied advancement within the Produce Department because of his race and his

age, in favor of younger, white, and less experienced employees.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331,

1337, 1343 and 1345.  This Title VII action is authorized and instituted pursuant to Section

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section

2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §

1981A.

2. This ADEA action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

3. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

PARTIES

4. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

5. The Commission also is charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

6. At all relevant times, Defendant, The Kroger Company ("Defendant"), has continuously been a retail grocery chain and an Ohio corporation doing business in the State of Ohio, and the city of Cleveland, and has continuously had at least fifteen employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h) and within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

2

## CONCILIATION

8.     Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

9.     More than thirty days prior to the institution of this lawsuit, Luther Spears filed a charge with the Commission alleging violations of Title VII and the ADEA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

10.     Since at least May, 2007, Defendant has engaged in unlawful employment practices at its Cleveland stores, in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a) and Section 4(a)(1) of the ADEA. These practices include refusing to promote Spears within the Produce Department, despite his then 24 year successful tenure with Defendant, his thorough knowledge of the Produce Department, and his being called upon to train those younger and less experienced who eventually advanced within the company. Instead, Defendant rejected Spears in favor of a less experienced white male, age 31.

11.     The effect of the practices complained of in paragraph 10 above has been to deprive Luther Spears of equal employment opportunities and otherwise adversely affect his employment status because of his race and age.

12.     The unlawful employment practices complained of in paragraph 10 above were intentional.

13.     The unlawful employment practices complained of in paragraph 10 above were done with malice or with reckless indifference to the federally protected rights of Luther Spears.

3

14.     The unlawful employment practices complained of in paragraph 10 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race, in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a).

B.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of age against individuals 40 years of age and older.

C.     Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for black employees and for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

D.     Order Defendant to make whole Luther Spears by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, an offer of promotion, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

E.     Order Defendant to make whole Luther Spears, whose wages are being unlawfully withheld as a result of the acts complained of above, by restraining the continued withholding of amounts owing as back wages with prejudgment interest, in amounts to be determined at trial.

4

F.  Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, to Luther Spears whose wages are being unlawfully withheld as a result of the acts complained of above.

G.  Order Defendant to pay Luther Spears punitive damages for its malicious and reckless conduct described in paragraph 10 above, in amounts to be determined at trial.

H.  Order Defendant  to make whole Luther Spears by providing compensation for pecuniary losses, including job search expenses.

I.  Order Defendant to make whole Luther Spears by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, embarrassment, and isolation, in amounts to be proven at trial.

J.  Order Defendant to make whole Luther Spears by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to his rightful place promotion and/or front pay.

K.  Grant such further relief as the Court deems necessary and proper in the public interest.

L.  Award the Commission its costs in this action.

5

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in the Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JACQUELINE H. McNAIR
Regional Attorney

TERRENCE R. COOK
Supervisory Trial Attorney

6